**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **SHDEA LAING**, | |
| Plaintiff, | |
| v. | Civil Action No. 7:15-CV-141 (HL) |
| **FRED'S, INC., d/b/a FRED'S SUPER DOLLAR STORES INC.**, | |
| Defendant. | |

## ORDER

This case is before the Court on a Motion to Dismiss, or in the Alternative, for Summary Judgment, filed by Defendant Fred's, Inc. (Doc. 7).   Defendant asks the Court to dismiss Plaintiff's Complaint on the basis that it improperly names Fred's Stores, Inc., as opposed to Fred's, Inc., as the defendant.   Plaintiff has filed an Amended Complaint (Doc. 9) correcting the error and a Response to Defendant's Motion to Dismiss (Doc. 10), in which she argues that Defendant's Motion to Dismiss is moot.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings before trial.  The rule states that a "party may amend its pleading once as a matter of course" within 21 days after the pleading is served, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).  Plaintiff filed her initial Complaint (Doc. 1) on July 22, 2015. Defendant moved to dismiss that Complaint on August 27, 2015.  Plaintiff then filed an

Amended Complaint (Doc. 9) on September 13, 2015.  Because Plaintiff's Amended Complaint was filed within 21 days after service of Defendant's Motion to Dismiss, it qualifies as her one chance to amend as a matter of course.  Thus, Plaintiff's Amended Complaint, which names Fred's, Inc. as Defendant, now controls.  Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is denied as moot.

SO ORDERED, this the 15th day of September, 2015.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les

2